James WYNN, Jr., Plaintiff,

v.

AC ROCHESTER, General Motors Corporation, Charles Volo, personally and in his capacity as Personnel Manager, Defendants.

No. 95–CV–6155L.

United States District Court, W.D. New York.

April 20, 1998.

Nira T. Kermisch, Rochester, NY, for James I. Wynn, Jr.

James I. Wynn, Jr., Rochester, NY, pro se.

James C. Holahan, Harris, Beach & Wilcox, Rochester, NY, for AC Rochester and Charles Volo.

### DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, James I. Wynn, Jr. ("plaintiff"), originally commenced this action in state court against his former employer, AC Rochester, General Motors Corporation ("AC Rochester"), and its personnel manager, Charles Volo ("Volo") (collectively "defendants"), alleging fraud and misrepresentation. Believing that plaintiff's claims involved issues of federal law, under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, defendants removed the action to federal court. Pending before the Court now is plaintiff's motion for leave to amend his complaint.

### FACTUAL BACKGROUND

Plaintiff worked for AC Rochester from 1984 until 1986 as an assembly worker. In early 1986, AC Rochester laid off a number of employees, including plaintiff, due to a lack of work. Plaintiff alleges that Volo represented to him that AC Rochester would not recall plaintiff or the other employees to work, and, therefore, it was in plaintiff's best interest to accept a buy out from the company. This buy out entitled plaintiff to a one-time payment in return for his relinquishment of the right to be recalled. In reliance on Volo's representations, plaintiff opted for the buy out, only to later discover that other employees who had been laid off with him were being recalled to work. Plaintiff alleges that Volo also represented to plaintiff that he was not entitled to supplemental unemployment benefits when, in fact, he was. Plaintiff claims that as a result of defendants' fraud and misrepresentation, he lost his right to be recalled, wages, and benefits, including supplemental unemployment benefits. Plaintiff now seeks leave to amend his complaint to assert additional claims arising from the layoff. Specifically, plaintiff seeks to certify

the action as a class action and to add claims for breach of the collective bargaining agreement, for "perjury" and mail fraud. He also requests a jury trial.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." A court may deny leave to amend, however, where the amended pleading is futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993). "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis." *McKinney v. Eastman Kodak Co.*, 975 F.Supp. 462, 465 (W.D.N.Y.1997) (quoting *McNally v. Yarnall*, 764 F.Supp. 853, 855 (S.D.N.Y.1991)). Because I find that all of plaintiff's proposed amendments are futile, his motion for leave to amend is denied.

Plaintiff seeks leave to amend his original complaint to certify this lawsuit as a class action, consisting of "[a]ny employee that was involved on or about 1986 & 1987 in the supplemental unemployment benefits buyout." Motion to Amend ¶ 1. Plaintiff also seeks leave to increase his compensatory and punitive damages, apparently as a result of the proposed class action status. Motion to Amend ¶¶ 7, 9–10.

In seeking to certify a class action, plaintiff must establish that the action satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Tremblay v. Riley*, 917 F.Supp. 195, 202 (W.D.N.Y.1996). Plaintiff has failed to meet this burden. For example, plaintiff has not alleged how large the potential class is or that the class is so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1). Plaintiff also has not asserted that there are questions of law or fact common to the class or that his claims or defenses are typical of those of the class. Fed.R.Civ.P. 23(a)(2)–(3). Finally, plaintiff has not alleged that, in a representative capacity, he will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). Plaintiff simply has not demonstrated any facts or circumstances which would warrant the certification of this case as a class action. Therefore, plaintiff's motion for leave to amend his complaint in this regard is denied.

Plaintiff also seeks leave to add claims for breach of the collective bargaining agreement between AC Rochester and the United Automobile and Aerospace Workers of America. Motion to Amend ¶¶ 2–3, 6.

Under federal law, an employee may bring a complaint against his employer and/or union alleging: (1) that the employer breached a collective bargaining agreement; and (2) that the Union breached its duty of fair representation in redressing his grievance against the employer. *White v. White Rose Food*, 128 F.3d 110, 113 (2d Cir.1997). Before commencing a lawsuit against an employer for breach of a collective bargaining agreement, an employee is required to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. *King v. New York Tel. Co.*, 785 F.2d 31, 33 (2d Cir.1986). The limitations period on these claims is six months from the date when the employee knew or should have known of the breach of the duty of fair representation. *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir.1995).

Here, plaintiff failed to exhaust any of the remedies available to him under the collective bargaining agreement. Further, the applicable six-month statute of limitations expired long before plaintiff commenced the instant action. Therefore, leave to amend will not be granted to add these claims.

Plaintiff also seeks leave to assert claims for perjury and mail fraud, arising out of defendants' failure to submit his sub-benefits card to be processed. Motion to Amend ¶¶ 4–5. Finding no basis in the law or in the facts of this case to allow these claims to go forward, I deny plaintiff's motion for leave to amend with respect to these claims.

Finally, plaintiff seeks leave to amend his complaint to demand a jury trial. Motion to Amend ¶ 8. On April 7, 1995, a notice was sent out to all parties, in accordance with the Local Rules, advising that unless a written

request was made for a jury trial within thirty days of the date of that notice, the right to a jury trial would be waived. Having failed to timely request a jury trial, plaintiff is precluded from doing so now. The law is clear that the failure of a party to serve and file a timely demand for a jury trial constitutes a waiver of the right to trial by jury. Fed.R.Civ.P. 38(d); W.D.N.Y. Loc. R. 38; *Favors v. Coughlin,* 877 F.2d 219, 220 (2d Cir.1989). Further, plaintiff has not offered any reason at all for his untimely demand. Therefore, I decline to exercise my discretion to grant a jury trial. Fed.R.Civ.P. 39(b). Accordingly, plaintiff's motion for leave to amend his complaint to demand a jury trial is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (Docket # 31) is denied in its entirety.

IT IS SO ORDERED.