**BAUSCH & LOMB, INC., Plaintiff,**

v.

**ALLERGAN, INCORPORATED, Defendant.**

No. 00–CV–6035 L.

United States District Court, W.D. New York.

March 12, 2001.

Michael Wolford, Wolford & Leclair LLP, Rochester, NY, Scott K. Reed, Steven C. Kline, Dominick A. Conde, Gregory B. Sephton, Daniel R. Cahoy, Colleen Tracy, Robert L. Baechtold, Fitzpatrick, Cella, Harper & Scinto, New York City, for Bausch & Lomb Inc.

Douglas Jones, Henry R. Ippolito, K. Wade Eaton Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, Edward W. Goldstein, John T. Polasek, Gary J. Fischmann, Stephen W. Abbott, Goldstein & Healey, Houston, TX, for Allergan, Incorporated.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

■ This is a patent infringement action. Plaintiff, Bausch & Lomb Incorporated ("B & L") has sued defendant Allergan, Inc. for infringement of United States Patent No. 5,096,607 ("the '607 patent"), which claims a method of simultaneously cleaning and disinfecting contact lenses. Allergan has asserted, as an affirmative defense and as a counterclaim, that B & L has misused the '607 patent. "Patent misuse is an affirmative defense to an accusation of patent infringement, the successful

assertion of which 'requires that the alleged infringer show that the patentee has impermissibly broadened the "physical or temporal scope" of the patent grant with anticompetitive effect.'" *Virginia Panel Corp. v. MAC Panel Co.,* 133 F.3d 860, 868 (Fed.Cir.1997) (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.,* 782 F.2d 995, 1001 (Fed.Cir.), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986)), *cert. denied,* 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998).

Allergan's answer does not explain how B & L has misused the patent, alleging only that "[o]n information and belief, Bausch & Lomb has misused the '607 patent and is therefore precluded from obtaining any relief in this action due to the misuse." Answer ¶¶ 19, 26. B & L has moved to strike the affirmative defense and counterclaim on the ground that they lack sufficient factual allegations to support a claim of patent misuse.

In response, Allergan has moved to amend its answer. The proposed amended answer alleges that B & L has sought an agreement with Allergan in which Allergan would pay B & L not only for Allergan's products that are alleged to infringe the '607 patent, but for Allergan's sales of products that do not infringe the patent. Specifically, Allergan alleges that B & L has demanded that Allergan make payments not only for sales of the enzyme tablet and the amount of disinfecting solution used to dissolve the enzyme tablet (the process that B & L claims infringes the '607 patent), but also payments on Allergan's sales of disinfecting solution that is used for purposes other than to dissolve the enzyme tablet. Allergan contends that such a demand goes beyond the permissible scope of the patent grant, and that such an agreement would have an anticompetitive effect.

B & L opposes Allergan's motion to amend on the ground that the proposed amendment would be futile. B & L states that Allergan's allegations of misuse apparently relate to B & L's claim for damages for lost sales of B & L's ReNu Multipurpose Solution ("ReNu MPS"). B & L seeks damages for lost sales not only of ReNu MPS that would have been used to dissolve the enzyme tablets during the cleaning and disinfecting process, but for other aspects of the lens care regimen, such as lens storage. B & L contends that this claim is perfectly appropriate and that it cannot, as a matter of law, constitute misuse of the patent.

## DISCUSSION

After reviewing the parties' submissions and considering their assertions made at oral argument on these motions, I conclude that B & L's motion to strike should be denied, and Allergan's motion to amend be granted. Although I harbor some doubts about the viability of Allergan's affirmative defense and counterclaim, at this stage I cannot find that under no set of facts could Allergan establish its claim of patent misuse.

■ With respect to the motion to strike, I note that such motions are not favored. *See William Z. Salcer v. Envicon Equities,* 744 F.2d 935, 939 (2d Cir. 1984) ("A motion to strike an affirmative defense ... is not favored"), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986). At any rate, even if I were inclined to grant the motion with respect to the patent-misuse allegations contained in the original answer, I find that the proposed amended answer does contain sufficient allegations of patent misuse, and I therefore will allow the amendment and deny the motion to strike.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a

pleading "shall be freely given when justice so requires." The Second Circuit has stated that "justice does so require unless the [movant] is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir.1979).

■ The purpose of Rule 15(a) is to encourage disposition of litigation on the merits, rather than on procedural technicalities. *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945, 952 (S.D.N.Y.1983), *aff'd*, 730 F.2d 910 (2d Cir.1984). The Rule has been liberally interpreted by the Second Circuit, which has stated that it is "rare" that leave should be denied, especially when there has been no prior application to amend. *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). *See also Kaster v. Modification Systems, Inc.*, 731 F.2d 1014, 1018 (2d Cir.1984) (as long as the movant has "at least colorable grounds for relief, justice does ... require leave to amend").

■ A court may deny leave to amend, however, where the amended pleading is considered futile. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir.1994) ("[u]ndue delay and futility of the amendment, among other factors, are reasons to deny leave"); *Picotte v. Community Child Care Ctr.*, 901 F.Supp. 588, 596 (W.D.N.Y.1995) (leave to amend may be denied when the amended pleading is considered futile). "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis." *McKinney v. Eastman Kodak Co.*, 975 F.Supp. 462, 465 (W.D.N.Y. 1997) (quoting *McNally v. Yarnall*, 764 F.Supp. 853, 855 (S.D.N.Y.1991)). To determine whether amendment here would be futile therefore requires consideration of what must be proved in order to establish patent misuse.

■ "The defense of patent misuse arises from the equitable doctrine of unclean hands, and relates generally to the use of patent rights to obtain or to coerce an unfair commercial advantage. Patent misuse relates primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the scope of the patent grant." *C.R. Bard, Inc. v. M3 Systems, Inc.*, 157 F.3d 1340, 1372 (Fed.Cir. 1998), *cert. denied*, 526 U.S. 1130, 119 S.Ct. 1804, 143 L.Ed.2d 1008 (1999). *See Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 703–04 (Fed.Cir.1992) ("The concept of patent misuse arose to restrain practices that did not in themselves violate any law, but that draw anticompetitive strength from the patent right, and thus were deemed to be contrary to public policy").

■ "Tying" arrangements, in which a patentee conditions a license under the patent on the purchase of a separable, staple good are considered *per se* patent misuse; *see Morton Salt Co. v. G.S. Suppiger Co.*, 314 U.S. 488, 491, 62 S.Ct. 402, 86 L.Ed. 363 (1942); *Virginia Panel*, 133 F.3d at 869. On the other hand, Congress has specifically established that some practices cannot constitute patent misuse. *See, e.g.*, 35 U.S.C. § 271(d)(3) ("No patent owner otherwise entitled to relief from infringement or contributory infringement of a patent shall be ... deemed guilty of misuse ... by reason of his having ... sought to enforce his patent rights against infringement or contributory infringement").

■ As the Federal Circuit explained in *Virginia Panel*, there is also a third set

of practices that fall somewhere in the middle:

> When a practice alleged to constitute patent misuse is neither per se patent misuse nor specifically excluded from a misuse analysis by § 271(d), a court must determine if that practice is reasonably within the patent grant, i.e., that it relates to subject matter within the scope of the patent claims. If so, the practice does not have the effect of broadening the scope of the patent claims and thus cannot constitute patent misuse. If, on the other hand, the practice has the effect of extending the patentee's statutory rights and does so with an anti-competitive effect, that practice must then be analyzed in accordance with the "rule of reason." Under the rule of reason, the finder of fact must decide whether the questioned practice imposes an unreasonable restraint on competition, taking into account a variety of factors, including specific information about the relevant business, its condition before and after the restraint was imposed, and the restraint's history, nature, and effect.

*Virginia Panel,* 133 F.3d at 869 (internal quotes and citations omitted).

■ As stated, I have some doubts about whether Allergan can show patent misuse here, if in fact that allegation is based simply on B & L's demand for payments for lost sales of ReNu MPS. Under some circumstances, a patentee may legitimately seek damages for lost profits from products that are not covered by the patent. "[T]o recover lost profit damages, the patentee must show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer." *Stryker Corp. v. Intermedics Orthopedics, Inc.,* 96 F.3d 1409, 1417 (Fed.Cir.1996) (internal quotes omitted). A patentee is not necessarily limited, then, to seeking lost profits only on sales of products that fall within the scope of the patent; what matters is simply whether the infringement caused the patentee to lose sales that it otherwise would have made.

■ At this stage, though, I am not prepared to hold that under *no* set of facts could Allergan establish patent misuse. B & L's opposition to Allergan's motion to amend is in effect similar to a motion to dismiss the counterclaim under Rule 12(b)(6), since the gist of B & L's argument is that the proposed amended counterclaim fails to state a claim upon which relief could be granted. *See McKinney,* 975 F.Supp. at 465 (amendment is considered futile if amended pleading fails to state a claim or would be subject to a motion to dismiss). A court should not dismiss a complaint, however, unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Branham v. Meachum,* 77 F.3d 626, 628 (2d Cir.1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ In the instant case, B & L has made certain representations to the court concerning the factual basis for Allergan's allegations of patent misuse, specifically that those allegations relate to B & L's claims for damages for lost profits from sales of ReNu MPS. In assessing whether the proposed amendment would be futile, however, I cannot simply accept the truth of these assertions, which are not contained in the pleadings and which are outside the record. At this juncture, I am limited to what appears on the face of the pleadings and the proposed amended an-

swer. As it now stands, I must conclude that the proposed amended answer sufficiently alleges a claim of patent misuse to allow Allergan to go forward with its affirmative defense and counterclaim.

Although B & L relies on the *Virginia Panel* decision in support of its position, I find that reliance to be misplaced. The Court of Appeals in *Virginia Panel* did find that, as a matter of law, none of the conduct on which the defendant relied as a basis for its counterclaim could constitute patent misuse. The court did so, however, in the context of an appeal from a judgment entered on a jury verdict after a full trial, and concluded that the jury's underlying factual findings did not support the jury's finding of patent misuse. Thus, the court had before it a fully-developed record upon which to assess the evidentiary sufficiency of the basis for the jury's verdict. That is obviously not the situation that exists here, where *no* evidence has yet been presented to the court regarding the alleged patent misuse. Indeed, the court in *Virginia Panel,* in discussing the "rule of reason," stated that "the *finder of fact* must decide whether the questioned practice imposes an unreasonable restraint on competition...." 133 F.3d at 869 (emphasis added).

That is not to say that an a claim of patent misuse could never be facially insufficient, or that it could never be subject to dismissal for failure to state a claim. The proposed amended counterclaim here, however, contains allegations that, if proved to be true, conceivably could persuade a rational factfinder that patent misuse had been established.

I also note that allowing Allergan to amend its answer should not unduly prejudice B & L. *See S.S. Silberblatt,* 608 F.2d at 42 (court may consider prejudice to other party in deciding motion to amend). This case is still in its early stages, and the amount of discovery needed to flesh out the factual basis for Allergan's allegations of patent misuse would seem to be modest.

## CONCLUSION

Plaintiff's motion to strike Allergan, Inc.'s affirmative defense and counterclaim allegations of patent misuse (Docket Item 6) is denied.

Defendant's motion for leave to amend its answer and counterclaim (Docket Item 20) is granted. Defendant shall have fifteen (15) days from the date of entry of this Decision and Order to file and amended answer and counterclaim.

IT IS SO ORDERED.