Donald L. NICHOLS, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, Eastman Kodak,
Company, Defendants.

No. 00–CV–6576L.

United States District Court,
W.D. New York.

Sept. 14, 2001.

**414**

Donald L. Nichols, Attica, NY, Pro se.

Lowell D. Kass, New York City, Eugene D. Ulterino, Christian D. Hancey, Nixon Peabody LLP, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Donald Nichols, appearing *pro se*, commenced this action in the Supreme Court of the State of New York, Monroe County, against defendants Metropolitan Life Insurance Corp. ("MetLife") and Eastman Kodak Corp. ("Kodak"). Kodak removed the action to this court on November 28, 2000, on the ground that plaintiff's claim is governed exclusively by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Both defendants have moved for summary judgment. The motions are granted and the complaint is dismissed.

## FACTUAL BACKGROUND

The complaint alleges that in 1995, plaintiff married Doris Heric ("Heric–Nichols"), who at the time was receiving pension benefits as a Kodak retiree. The benefits were paid by the Kodak Retirement Income Plan ("KRIP" or "the Plan"), which was administered by the Kodak Retirement Income Plan Committee ("KRIP-CO").

Heric–Nichols died in April 1997. By letter dated July 21, 1997, plaintiff was informed by Kodak that as a survivor of a former Kodak employee, plaintiff was eligible to receive a monthly survivor income benefit. Complaint Ex. B. In accordance with the instructions in the letter, plaintiff supplied Kodak with certain documents (such as a copy of his marriage license), and he began receiving monthly checks shortly thereafter.

In another letter dated November 21, 1997, Kodak advised plaintiff that it had discovered that at the time that Heric–

Nichols retired, she should have been credited with a greater amount of service for use in calculating the amount of her own KRIP benefit. The letter stated that as a result of the recalculation, "[t]he former employee's estate will receive a one-time payment for all retroactive payments, plus interest, regarding the pension payments made prior to his/her death." Complaint Ex. C.

On March 26, 1998, MetLife, as paying agent for KRIP, issued a check on KRIP's behalf in the amount of $3630.30, payable to "Donald Nichols—Executor for the Estate of Doris Heric–Nichols." Complaint Ex. D. At the time the check was mailed, however, plaintiff was (as he remains today) an inmate at the Attica Correctional Facility.[1] The check, which was mailed to what the complaint describes as "Mr. and Mrs. Nichols home address," Complaint ¶ 12, was apparently received by plaintiff's stepdaughter, Barbara Sandman, who was the actual executrix of Heric–Nichols's estate. Affidavit of Pamela R. Cromp (Docket Item 8) Ex. K.

Sandman turned the check over to John Mansour, Esq., the lawyer for the estate. Mansour returned the check to MetLife, explaining in a cover letter dated April 6, 1998 that Sandman was the executrix, and that Nichols was the surviving spouse of Heric–Nichols. Mansour stated that "[i]f this benefit is payable to the Estate of Doris Heric–Nichols, it should be reissued in that form," but that "[i]f this benefit is payable to Donald Nichols as the surviving spouse of the deceased, then it should be re-issued in that form." Complaint Ex. E.

On April 30, 1998, MetLife reissued the check, again for $3630.30, payable to "Barbara A. Sandman as Executrix for the Estate of Doris B. Heric." Complaint Ex. F. Pursuant to Heric–Nichols's will, which she made prior to her second marriage-*i.e.,* prior to her marriage to plaintiff-she left her entire estate to her children. Complaint Ex. A.

Plaintiff then began writing letters to both Kodak and MetLife, inquiring about his survivor benefit checks, and asserting that the $3630.30 check should have been issued directly to him. Kodak treated one of those letters, dated April 2, 2000, as a claim for benefits, and in a response dated April 25, 2000, Kathleen Borzilleri, a paralegal in Kodak's legal department, informed plaintiff that his request for additional benefits in the amount of $3630.30 was denied, because that amount was owed not to plaintiff but to Heric–Nichols's estate. The letter added, "According to our records you have been receiving a Survivor Income Benefit in the sum of $92.35 per month since May, 1997 which is exactly what you are entitled to." Cromp Aff. Ex. E. The letter concluded, "You will continue to receive the sum of $92.35 as the surviving spouse of Doris Heric–Nichols." *Id.*

In an undated letter marked received by the Kodak legal department on May 25, 2000, plaintiff appealed from the denial of his claim. Plaintiff's letter complains only about the denial of his claim for $3630.30. He stated, "Kodak unquestionably acknowledges that I am the surviving spouse of Ms. Heric–Nichols, and *I am receiving her survivors benefit from the plan.*" Cromp Aff. Ex. F (emphasis added).

On July 10, 2000, Pamela R. Cromp, a fiduciary of KRIP to whom KRIPCO had delegated authority to review and decide appeals from claim denials, wrote to plaintiff to advise him that the decision denying plaintiff's claim for benefits in the amount

---

1. Plaintiff's inmate record indicates that he has been an inmate since 1988, and that he is serving a sentence of 20 years to life for second-degree murder and other crimes. Affidavit of Pamela R. Cromp (Docket Item 8), Ex. J.

of $3630.30 had been affirmed. Cromp explained, "Since your spouse should have received the higher annuity payments during her life, the amount at issue became payable to her estate upon her death. Accordingly, the amount was not a benefit remaining at the time of your spouse's death ... subject to ERISA's beneficiary rules ...." Cromp Aff. Ex. G. Cromp concluded:

> Therefore the $3,630.30 was properly paid to your spouse's estate. However, in reviewing your situation, we have identified that the spousal benefit that you are receiving of $92.35 should have been adjusted accordingly when the annuity was corrected. You will receive a one time lump sum payment of $221.77 (which includes interest), and starting in July 2000, your monthly survivor benefit will be $97.58.

*Id.* Plaintiff does not contest receiving this lump sum check and the monthly survivor benefit checks in the increased amount.

Plaintiff's *pro se* complaint purports to set forth five causes of action. The first four all allege, in one form or another, that defendants have wrongfully failed to provide survivor benefits to plaintiff. The fifth alleges that defendants unlawfully paid the lump sum of $3630.30 to Sandman, and that they should have paid that sum to plaintiff instead.

## DISCUSSION

### I. Nature of Plaintiff's Claims

 Although, as stated, the complaint purports to set forth five separate causes of action, they are not all artfully pled, and on their face some of them do not set forth a legally cognizable claim.[2] Because plaintiff appears *pro se,* however, the court will give his pleadings a liberal construction,

*Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, proceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a well-founded motion for summary judgment. *Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991); *Parkinson v. Goord,* 116 F.Supp.2d 390, 393 (W.D.N.Y.2000). I note that both defendants' motions in this case adequately put plaintiff on notice of the requirements of Rule 56, and the consequences of complying with those requirements. *See Irby v. New York City Trans. Auth.,* 262 F.3d 412 (2d Cir.2001).

Essentially, plaintiff seeks two things: an order directing defendants to pay him the $3630.30 that he alleges was wrongfully paid to Heric–Nichols's estate; and an order directing defendants to pay him, or resume paying him, his monthly survivor benefit. I therefore construe his complaint as asserting two claims for benefits allegedly due to plaintiff under KRIP, brought under 29 U.S.C. § 1132(a)(1)(B).

### II. MetLife's Motion

MetLife asserts that plaintiff's claims against MetLife should be dismissed because MetLife, in its capacity as KRIP-CO's paying agent, performed only the ministerial tasks of issuing checks at the direction of KRIPCO. MetLife contends that this renders it an improper defendant in this action. I agree.

---

**2.** For example, plaintiff's second cause of action alleges that defendants "have failed to

perform their moral and professional responsibilities to correct this situation ...."

■ "In a recovery of benefits claim [under 29 U.S.C. § 1132(a)(1)(B) ], only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Crocco v. Xerox Corp.*, 137 F.3d 105, 107 (2d Cir.1998) (quoting *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir.1989)); *accord Edwards v. Akzo Nobel, Inc.*, 103 F.Supp.2d 214, 220 (W.D.N.Y.2000); *Dittman v. Dyno Nobel, Inc.*, No. 97–CV–1724, 1998 WL 865603 *6 (N.D.N.Y. Nov. 24, 1998); *Brannon v. Tarlov*, 986 F.Supp. 146, 152 (E.D.N.Y. 1997), *aff'd,* 164 F.3d 617 (2d Cir.1998), *cert. denied,* 528 U.S. 837, 120 S.Ct. 99, 145 L.Ed.2d 84 (1999); *Greater Blouse, Skirt, & Undergarment Ass'n, Inc. v. Morris,* No. 93–1257, 1996 WL 325595 *4 (S.D.N.Y. June 12, 1996). *See also Kyle Railways, Inc. v. Pacific Admin. Services, Inc.,* 990 F.2d 513, 516 (9th Cir.1993) (third party administrators not fiduciaries when they merely perform ministerial duties or process claims); *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126, 129 (7th Cir.1992) (plan administrator not a fiduciary where its function was clerical, mechanical, ministerial, and not discretionary); *Baker v. Big Star Division,* 893 F.2d 288, 290 n. 2 (11th Cir.1989) ("An insurance company does not become an ERISA 'fiduciary' simply by performing administrative functions and claims processing within framework of rules established by employer"); *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1325 (9th Cir.1985) (insurance company hired by employer to administer ERISA plan not a fiduciary when it "performs only administrative functions, processing claims within a framework of policies, rules and procedures established by others").

Here, there is no evidence that MetLife performed any discretionary duties concerning the administration of the Plan, including decisions relating to payment of benefits. All the evidence indicates that only persons at Kodak and KRIPCO played any role in deciding whether to pay plaintiff the benefits he seeks. That is consistent with the terms of KRIP itself, which states that KRIPCO "shall be the named fiduciary and plan administrator as those terms are used in ERISA," and that KRIPCO has the power and authority to administer and interpret the plan, and to decide benefits claims. Cromp Aff. Ex. A at 99–103.[3] Accordingly, MetLife is not a proper party defendant in this action, and the claims against it are dismissed.

### III. Kodak's Motion

■ For the same reasons stated with respect to MetLife's motion, plaintiff's claims against Kodak must be dismissed as well. Kodak is the plan sponsor, Cromp Aff. Ex. A § 12.01 at 98, and was Heric–Nichols's employer, but ERISA only authorizes suits for benefits against the plan itself and its administrators, not against the plaintiff's employer or the plan sponsor. *See Leonelli,* 887 F.2d at 1199; *Gelardi,* 761 F.2d at 1324–25; *Edwards,* 103 F.Supp.2d at 220; *MacMillan v. Provident Mut. Life Ins. Co. of Philadelphia,* 32 F.Supp.2d 600, 604 (W.D.N.Y.1999).

■ Plaintiff has not requested that he be permitted to amend the complaint to add KRIP or KRIPCO, but even if he had, I would deny the motion for leave to

---

**3.** The plan does state that KRIPCO may delegate fiduciary duties to persons other than named fiduciaries, *see* Cromp Aff. Ex. A § 13.11 at 103, and the record shows that authority to decide appeals from claim denials was delegated to Cromp. *See* Cromp Aff. Ex. C. There is no evidence whatsoever, though, that any such authority or duties were ever delegated to MetLife, or that its actions at issue in the case at bar were taken pursuant to such authority.

amend. Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires," it is well established that a court may deny leave to amend where the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir.1994) ("[u]ndue delay and futility of the amendment, among other factors, are reasons to deny leave"); *Picotte v. Community Child Care Ctr.*, 901 F.Supp. 588, 596 (W.D.N.Y.1995) (leave to amend may be denied when the amended pleading is considered futile). "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis." *McKinney v. Eastman Kodak Co.*, 975 F.Supp. 462, 465 (W.D.N.Y.1997) (quoting *McNally v. Yarnall*, 764 F.Supp. 853, 855 (S.D.N.Y.1991)).

In the case at bar, it would be futile to permit plaintiff to amend the complaint to add KRIP or KRIPCO as a defendant, since his claim would fail in any event. The Plan here provides that KRIPCO "shall have all the powers necessary to carry out the provisions of the Plan," including "the power to make publish, and apply such rules and regulations as it may deem necessary to carry out the provisions of the Plan." Cromp Aff. § 13.03 at 99. The Plan further states that "KRIPCO shall have full discretionary authority to interpret the Plan and to answer all questions that arise concerning the application, administration, and interpretation of the Plan," and that "KRIPCO's interpretations and conclusions shall be final and binding upon the parties." Cromp Aff. Ex. A § 13.03 at 100. KRIPCO is also given the power to "allocate or delegate fiduciary duties by designating persons and committees other than named fiduciaries to carry out fiduciary responsibilities under the Plan ...." Cromp Aff. Ex. A § 13.1.. at 103. KRIPCO did delegate such authority to decide appeals from claim denials to Cromp. *See* Cromp Aff. Ex. C.

▮ The Plan here thus gives KRIPCO broad discretionary authority to interpret and apply the Plan. Therefore, on judicial review, KRIPCO's discretionary decisions, including decisions denying benefits claims, are subject to the "arbitrary and capricious" standard, and such a decision may be overturned only if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler v. First Reliance Std. Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir.1999) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir.1995)); *see also O'Shea v. First Manhattan Co. Thrift Plan & Trust*, 55 F.3d 109, 112 (2d Cir. 1995) (denial is arbitrary and capricious where plan administrator or fiduciary has "impose[d] a standard not required by the plan's provisions, or interpret[ed] the plan in a manner inconsistent with its plain words") (citation and internal quotation marks omitted). Since Cromp, in affirming the denial of plaintiff's claim, acted on behalf of KRIPCO pursuant to fiduciary authority delegated to her by KRIPCO, her decision and KRIPCO's decision are one and the same, and must be reviewed under this deferential standard.

Applying that standard to the denial regarding plaintiff's claim for the $3630.30 lump sum, it cannot be said that KRIPCO's decision was erroneous as a matter of law, or otherwise subject to reversal by this court. The gist of the original determination regarding this payment was that, due to a miscalculation, *Heric–Nichols* should have been paid more pension benefits during her lifetime. This determination of underpayment related to Heric–

Nichols, not plaintiff. Therefore, the payment was due her and, since she died before the payment was made, her estate.

Under these circumstances, it was entirely reasonable for Cromp and KRIPCO to decide, upon learning that plaintiff was not the executor of the estate, to reissue the check to Sandman. Indeed, it had apparently been the intent from the beginning to pay the $3630.30 to Heric–Nichols's estate; the November 21, 1997 letter that plaintiff received informing him of the upcoming lump-sum payment stated that "[t]he former employee's estate will receive a one-time payment for all retroactive payments, plus interest, regarding the pension payments made prior to his/her death." Complaint Ex. C. The original check for $3630.30 was also made out to "Donald Nichols—Executor for the Estate of Doris Heric–Nichols," and the attached stub stated, "This Check Represents the Amount Due the Estate of Doris Heric–Nichols." Complaint Ex. D. I therefore find no basis upon which to overturn the denial of plaintiff's claim for $3630.30.[4]

As to plaintiff's claim for survivor benefits, the record indicates that he is continuing to receive those benefits. In fact, as a result of KRIPCO's investigation of his claim, he is now receiving more than before: $97.58 per month instead of $92.35 per month. This claim is therefore meritless as well.

Cromp states in her affidavit that "the survivor annuity [benefits] have been and continue to be paid." Cromp Aff. ¶ 4 n. 1. As stated above, both Borzilleri and Cromp represented to plaintiff that he was continuing to receive, and would continue to receive, his survivor benefit, and Cromp told him that the amount of that benefit would increase beginning in July 2000. Most significantly of all, plaintiff himself stated, in his letter to Kodak received in May 2000, "I *am receiving* her survivors benefit from the plan." Cromp Aff. Ex. F (emphasis added).[5]

◼ Faced with this evidence on a motion for summary judgment, plaintiff must do more than rest on the allegations in his complaint; he must come forward with "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Colon v. Coughlin,* 58 F.3d 865, 872 (2d Cir.1995) ("a party may not rest on the bare allegations of a pleading to defeat a properly submitted motion for summary judgment").

Plaintiff has failed to meet this burden. His response to defendants' motions contains a number of vague accusations of various acts of conspiracy and fraud by defendants (none of which raises a genuine issue of material fact), but does not deny defendants' showing that plaintiff is still receiving his survivor benefit. Accordingly, I conclude that plaintiff has failed to show that there exists any genuine issue of

4. Although he has not actually cited it before this court, I note that in his letters to defendants, plaintiff cited the Supreme Court's decision in *Boggs v. Boggs,* 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997), for the proposition that a decedent's pension benefits must be paid to a surviving spouse and not to the decedent's children. *See* Complaint Ex. I. *Boggs,* however, held only that ERISA preempted operation of Louisiana's community property law insofar as it allowed a predeceasing spouse to transfer through her will an interest in her husband's ERISA-governed benefits, and is not controlling here.

5. Defendants' administrative file on plaintiff's claims also contains evidence, including internal e-mails and handwritten notes, concerning the discovery that plaintiff should have been receiving a higher amount, and defendants' intent to pay the increased benefit. *See* Cromp Aff. Ex. G.

fact as to this claim, and that it would be futile to allow plaintiff to amend the complaint to add KRIP or KRIPCO on this claim. *See Harless v. Research Inst. of America,* 1 F.Supp.2d 235, 243 (S.D.N.Y. 1998) (denying as futile motion to amend complaint to name plan and plan administrators on claim for benefits, since claims would be subject to dismissal anyway).

## CONCLUSION

Defendant Eastman Kodak Corp.'s motion for summary judgment (Docket Item 9) and defendant Metropolitan Life Insurance Corp.'s motion for summary judgment (Docket Item 11) are granted, and the complaint is dismissed.

IT IS SO ORDERED.